## STATE v. BRUNELLE & NISUN.

### Criminal Law. Intoxicating Liquor. Practice.

The respondents were prosecuted before a justice of the peace for the illegal sale of intoxicating liquor under R. L. ss. 3814–16, 3864, and appealed. In the County Court they moved to dismiss *"for defects apparent upon the face of the complaint,"* without specifying any other cause, which motion was denied. The exceptions did not show, that any question was brought to the attention of the court; or that any was considered and adjudged by it; or the subject upon which the court acted; *Held,* that no error is clearly disclosed; and that none will be presumed.

PROSECUTION for the illegal sale of intoxicating liquor. Appeal from the decision of a justice of the peace. Heard on a motion to dismiss, December Term, 1884, VEAZEY, J., presiding. Motion denied.

The exceptions were as follows:

"This is an appeal from a justice of the peace in a prosecution for selling intoxicating liquor. The respondents moved to dismiss the cause. The files are all referred to as a part hereof. The court denied the motion, to which the respondent excepted; exceptions allowed, and cause passed to the Supreme Court under R. L. s. 1390."

The motion was: "The respondents * * * * move that said complaint be dismissed for defects apparent upon the face of the complaint."

Copy of appeal, in part:

"Be it remembered, that at a justice court holden at, &c., on, &c., before, &c., one, &c., having been arrested without warrant in a state of intoxication, was brought for disclosure where he obtained the liquor with which he became intoxicated, and the said Maxim Cutter having been duly sworn, disclosed and said that he obtained the liquor whereby such intoxication was produced from Fred Brunelle and Frank Nisun, * * * * and that the said Fred Brunelle and

Frank Nisun furnished the same to him. And it being adjudged by said justice, that the furnishing of the said intoxicating liquor to the said Maxim Cutter, by the said Fred Brunelle and Frank Nisun, was an offense against the provisions of section 3816 of Revised Laws, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the State, the said justice thereupon issued his warrant, as by law directed, and caused the said * * * * so furnishing the said intoxicating liquor, to be brought before him on the * * * * to answer to the charge so preferred against them, and Justus Cobb, grand juror for * * * * was summoned to prosecute said cause, according to the statute in such case made and provided.

"The said Fred Brunelle and Frank Nisun, being put to answer said charge, pleaded guilty. Whereupon it is adjudged by the said justice that the said respondents, Fred Brunelle and Frank Nisun, are guilty as charged by the disclosure of said Maxim Cutter, of one offense, first conviction, and the said Fred Brunelle and Frank Nisun are sentenced to pay a fine of ten dollars to the treasurer of the State of Vermont, and to stand committed until sentence is complied with."

*J. E. Stapleton* and *Stewart & Wilds*, for the respondent.

The justice clearly had no authority or jurisdiction to issue such a warrant. It is only when the party is found *in such a state of intoxication as to disturb the public or domestic peace and tranquillity,* that the justice is authorized to issue the warrant set forth in s. 3864. The appeal recites that, "One Maxim Cutter having been arrested without warrant in a state of intoxication." If the arrest itself was regular, the complaint of a proper informing officer could not be dispensed with prior to the issuing of a warrant by the justice. *In re Emma Pierce,* 46 Vt. 374.

It does not appear from the appeal upon what process the respondents are in court, except that it is some process issued, "as by law directed." It is impossible to plead to such a process. If the respondents plead guilty, what is

the allegation in the process which they admit? And what is to be the penalty? If they plead not guilty, upon what allegation is the issue joined?

How is it possible to try a respondent for crime or misdemeanor without definite allegations of his guilt? If it is impossible to plead in such proceedings, they should be dismissed.

*E. W. J. Hawkins,* State's attorney, and *W. W. Rider,* for the State.

The motion should not be entertained, for the reason that it does not state specifically the ground of objection. Whar. Cr. Pl. (8th ed.) 379; 1 Bish. Cr. Proc. (3d ed.) 772; *Barnett* v. *Emery,* 43 Vt. 178. The record shows enough to give the justice jurisdiction. R. L. s. 3864. No complaint was necessary. *State* v. *Conlin,* 27 Vt. 318; *In re Dougherty,* 27 Vt. 325; *State* v. *Hoffman,* 46 Vt. 176. The record sufficiently shows upon what process the respondents are in court, viz.: the charge preferred against them by the disclosure of the intoxicated person. They are to plead in the same manner as if complained against by an informing officer; and are to be prosecuted in the same manner except as to the number of offenses provable. R. L. s. 3805–16; *State* v. *Kelley,* 47 Vt. 294.

The opinion of the court was delivered by

TAFT, J. An appeal from a justice of the peace, in a prosecution for selling intoxicating liquor, based on sections 3814–16 and 3864 R. L. In the County Court the respondents moved to dismiss the cause "for defects apparent upon the face of the complaint." The motion being denied, the question comes to this court for revision. The exceptions do not show that any question was brought to the attention of the County Court upon the trial below; or that any question was considered and adjudged by that court. Neither the motion nor exceptions state the subject

upon which the court acted in denying the motion. The Supreme Court revises only the matters upon which the County Court has, or should have, acted; and will not presume that it has committed any error not clearly disclosed by the record, which is made up of the pleadings and exceptions. The respondents take nothing by their exceptions and cause remanded.